**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 05-CR-147-TCK** |
| ) | **(07-CV-114-TCK-FHM)** |
| JORGE LEAL MUNOZ, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are the following motions filed by Defendant: "motion to void judgment and commitment order for lack of subject matter jurisdiction" (Dkt. # 35), "motion for plaintiff to show cause why this Court did not lack subject matter jurisdiction to adjudicate this case and order to comply with doctrine of <u>Noscitur a Sociiis</u> [sic]" (Dkt. # 36), and motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 37).  The government filed a response (Dkt. # 48) in opposition to the § 2255 motion.  Defendant filed a reply (Dkt. # 49). For the reasons discussed below, the Court finds Defendant's motions challenging the Court's subject matter jurisdiction should be denied.  As to the claims set forth in the § 2255 motion, the court finds Defendant is entitled to an evidentiary hearing on his claim that counsel provided ineffective assistance in failing to file a notice of appeal after being instructed to do so. The remainder of Defendant's grounds for relief under § 2255 either lack merit or are procedurally barred and shall be denied.

*BACKGROUND*

On September 11, 2005, a Tulsa Police Officer stopped a vehicle being driven by Defendant Jorge Leal Munoz because the passenger brake light was out.  Defendant had no insurance and a driver's license issued in Mexico.  As he was being placed under arrest for no driver's license or

insurance, the police officer asked Defendant if he had any guns or knives in the vehicle. Defendant stated there was a gun in the vehicle. A loaded semi-automatic handgun was recovered from the front right pants pocket of Defendant's passenger, Armando Trevizo. Under the driver's seat, the police found a chamber-loaded .380 caliber semi-automatic handgun. Under the passenger's seat, the police found a bag containing a white crystal-like substance which field-tested positive for methamphetamine and weighed 68.4 grams. Another smaller bag containing a substance which field-tested positive for methamphetamine and weighed 0.76 grams was found in Trevizo's right front watch pocket. Officers seized $1,946 from Defendant's wallet.

On October 4, 2005, an indictment was filed charging Defendant with Possession With Intent to Distribute Five Grams or More of Methamphetamine (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 2), and Possession of a Firearm and Ammunition by a Person Illegally and Unlawfully in the United States (Count 3). See Dkt. # 12. Federal Public Defender Paul Brunton was appointed to represent Defendant. On November 2, 2005, counsel for Defendant filed a motion to suppress, alleging that Defendant's Fourth Amendment rights were violated by the improper arrest and handcuffing of Defendant and that the subsequently obtained evidence should have been suppressed. After conducting a hearing on the motion to suppress, the Court denied the motion. See Dkt. # 22.

On January 5, 2006, Defendant entered his unconditional pleas of guilty to all three charges. See Dkt. # 43. On February 26, 2006, the Court sentenced Defendant to 60 months on Count 1, 60 months on Count 2, and 46 months on Count 3, followed by five years of supervised release. See Dkt. # 44. Counts 1 and 3 were ordered to be served concurrently, and Count 2 was ordered to be

served consecutively to the other counts, for a total term of imprisonment of 120 months. Id. The Court advised Defendant of his appeal rights. Id. No appeal was filed.

On November 8, 2006, Defendant filed motions (Dkt. #s 35 and 36) challenging the Court's subject matter jurisdiction. He filed his 28 U.S.C. § 2255 motion on February 20, 2007 (Dkt. # 37). He identifies four (4) propositions of error, as follows:

| | |
|---|---|
| Issue I: | Munoz received ineffective assistance of counsel in violation of the Sixth Amendment. |
| Issue II: | Mr. Munoz was denied his guaranteed right to consular access as provided by the Vienna Convention. |
| Issue III: | Mr. Munoz should receive the benefit of the Supreme Court's holding in United States v. Booker insofar as the Court held the mandatory nature of the guidelines to be unconstitutional. |
| Issue IV: | Mr. Munoz is entitled to an evidentiary hearing. |

(Dkt. # 37). In response to the § 2255 motion, the government asserts that the motion should be denied. See Dkt. # 48.

## *ANALYSIS*

**A. Motions challenging subject matter jurisdiction**

In the motions filed November 8, 2006 (Dkt. #s 35 and 36), Defendant alleges that he is entitled to relief from the Judgment and Commitment Order based on Rule 60(b)(4), *Federal Rules of Civil Procedure*, and the All Writs Act, 28 U.S.C. § 1651(a). In addition, he states that this motion "must not be recharacterized to be a 28 U.S.C. § 2255 Motion for Habeas Corpus Relief." See Dkt. # 35. In a second motion, filed November 8, 2006, Defendant alleges that the Court lacked subject matter jurisdiction because "the Federal Criminal Rules were not applied." See Dkt. # 36.

Unless it is inadequate or ineffective, 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to test the validity of his conviction and sentence. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In the motions challenging the Court's subject matter jurisdiction, Defendant improperly relies on Fed. R. Civ. P. 60(b)(4) and the All Writs Act, 28 U.S.C. § 1651(a). He makes no allegation that the remedy provided under § 2255 is inadequate or ineffective. Therefore, because 28 U.S.C. § 2255 provides the exclusive remedy for Defendant's challenges to the validity of his convictions and sentences, his motions shall be denied.

**B.  28 U.S.C. § 2255 motion to vacate, set aside or correct sentence**

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, a court presumes that the proceedings leading to a defendant's conviction were correct. See generally Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). For Defendant to prevail on his claims, he must rebut that presumption by showing that a defect in the proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Claims brought under § 2255 may also be limited by procedural default. The Tenth Circuit has repeatedly stated that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal . . . unless [the defendant] can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can

show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993); see also Bousley v. United States, 523 U.S. 614, 621 (1998). Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." Id.

If a movant is not procedurally barred from asserting a claim under § 2255, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994). As such, a § 2255 movant is entitled to an evidentiary hearing if his "allegations, if proved, would entitle him to relief . . . ." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996). A court may deny a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw, 24 F.3d at 1043 (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990)).

**1. Ineffective assistance of counsel**

In this case, Defendant claims that his attorney provided ineffective assistance in violation of his Sixth Amendment right to counsel, in that counsel (1) gave him misleading advice to lure him into pleading guilty; (2) promised he would prevail on the motion to suppress and that he would pursue the issue at sentencing; (3) failed to argue for a downward departure at sentencing; (4) failed to file a direct appeal after being told to do so; and (5) failed to investigate the failure of the police

to inform him of his rights under the Vienna Convention or to allow him to call the Mexican Consulate. With the exception of the claim that counsel was ineffective in failing to file a notice of appeal, the Court finds that Defendant's claims of ineffective assistance of counsel must be denied without an evidentiary hearing because they are either facially insufficient or clearly refuted by the record.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel [in violation of the Sixth Amendment], a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005); Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's conduct was objectively reasonable, Defendant "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Sanders, 372 F.3d 1183, 1185 (10th Cir. 2004) (citing Strickland, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not address the other. Strickland, 466 U.S. at 697.

### a. Failure to file a notice of appeal

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that Strickland's two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. Id. at 477. Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable

professional performance, counsel's performance is unconstitutionally deficient where he fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The second prong of the Strickland test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal although the defendant has specifically directed him to do so, and this is true irrespective of whether the defendant has legitimate grounds for his appeal. United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005) (citing Flores-Ortega, 528 U.S. at 484-85).

Defendant expressly states that he directed his plea counsel to file a notice of appeal challenging his sentence, and if he did in fact make that statement, counsel's failure to file a notice of appeal would amount to ineffective assistance under Flores-Ortega and Garrett. As in Garrett, the record here does not conclusively refute Defendant's claim, and it is therefore necessary to make a credibility determination in order to resolve the issue. This matter shall be referred to the Magistrate Judge for an evidentiary hearing to determine whether Defendant requested counsel to file a notice of appeal.

### b. Misleading promise to prevail on motion to suppress/coerced guilty plea

Defendant also alleges that counsel provided misleading advice in order to coerce him to plead guilty. He claims that "Mr. Brunton simply promised Mr. Munoz that he would prevail with the Motion to Supress [sic] which he filed on Mr. Munoz's behalf. Mr. Munoz's Motion to Supress [sic] was denied and Mr. Brunton promised Mr. Munoz that he would pursue that argument at sentencing; however, that he would have to plead guilty to the Indictment before he could do

7

anything with the Illegal Search and Seizure argument." <u>See</u> Dkt. # 37. The transcript from the change of plea hearing refutes Defendant's allegation that he was coerced or that he agreed to plead guilty as the result of any promise. The following exchange took place at the change of plea hearing:

> THE COURT: You're charged here by indictment. Have you received a copy of the indictment, the written charges made against you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you fully discussed the charges and the case in general with your attorney?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you fully satisfied with the services of your attorney?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you pleading guilty of your own free will because you are guilty?
>
> THE DEFENDANT: Yes, Your Honor.
>
> * * * * * *
>
> THE COURT: Are your pleas of guilty and the waivers of your rights made voluntarily and completely of your own free choice?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have there been any threats or pressures from anyone to get you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.

(Dkt. # 43, Trans. dated Jan. 5, 2006, at 5, 21). After establishing the existence of a factual basis for the guilty pleas, the undersigned determined that Defendant was "competent to enter this plea" and "made the plea of guilty freely and voluntarily" and with "a full understanding of its consequences." Id. at 21. Thus, the record refutes Defendant's allegation that he was coerced into pleading guilty by promises made by his attorney. Defendant has failed to demonstrate that his attorney performed deficiently. He is not entitled to relief under § 2255 on this claim.

### c. Failure to request downward departure at sentencing

Next, Defendant alleges that his attorney failed to request a downward departure at sentencing. However, his allegation is conclusory and unsupported. He fails to identify any facts which would have supported a downward departure. Furthermore, as explained at the sentencing hearing, the Court was required by statute, see 21 U.S.C. § 841(b)(1)(B)(viii), and 18 U.S.C. § 924(c), to impose two 5-year minimum sentences to be served consecutively. Defendant received the minimum sentence allowed by law. There was no legal basis for a downward departure. As a result, Defendant has failed to demonstrate that his attorney performed deficiently in failing to request a downward departure.

### d. Failure to investigate violation of Vienna Convention

Lastly, Defendant states that although he advised his attorney that he had been denied his right to access the Mexican Consulate under the Vienna Convention, his attorney failed to take action on the claim. Even if counsel performed deficiently in failing to investigate and raise a claim based on the alleged violation of Article 36 of the Vienna Convention, Defendant has failed to demonstrate that he suffered prejudice as a result of counsel's deficient performance. His claim is conclusory and lacks any factual support. The Court notes that in reply to the government's

response to the § 2255 motion, Defendant asserts that he "does not speak, read, or write the English Language. If he would have been given the opportunity to contact the Mexican Consulate, he could have requested their assistance in translating all of his legal documents that pertained to his case and he could have made a more intelligent choice of pleading guilty to the charges without a written plea agreement or could have informed the Court of his desire to plead to a written plea agreement." See Dkt. # 49. That allegation is insufficient to demonstrate prejudice under the Strickland standard. As discussed above, Defendant must demonstrate that but for counsel's error, he would have insisted upon going to trial. Silva, 430 F.3d at 1099; Hill, 474 U.S. at 59 (1985); see also Strickland, 466 U.S. at 687. Defendant's allegation that the Mexican consulate could assisted with choices related to entry of his guilty plea is simply inadequate. Furthermore, Defendant's recent allegation that he "does not speak, read, or write the English Language" is belied by the record. At the change of plea hearing, counsel for Defendant stated "Jorge speaks fluid [sic] English." See Dkt. # 43, Trans. dated Jan. 5, 2006, at 2. Nonetheless, at both the change of plea hearing and the sentencing hearing, an interpreter was present and sworn in to insure Defendant had full understanding of the proceeding. See Dkt. #s 43 and 44, both at 2. Having failed to demonstrate prejudice, the Court finds Defendant is not entitled to relief on this claim of ineffective assistance of counsel. See Sandoval v. United States, 574 F.3d 847, 851 (7th Cir. 2009).

**2. Violation of Vienna Convention**

As his second proposition of error, Defendant claims that he was denied his guaranteed right to consular access as provided by the Vienna Convention. Unless Defendant is allowed a direct appeal out of time, this claim is procedurally barred as a result of Defendant's failure to file a direct appeal. In Sanchez-Llamas v. Oregon, 548 U.S. 331 (2006), the Supreme Court held that "claims

under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims." Id. at 359. Because Defendant failed to raise this claim in a direct appeal, he has procedurally defaulted the claim and this Court may not consider it unless he can show cause excusing his procedural default and actual prejudice resulting from the error, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. Cook, 997 F.2d at 1320; see also Bousley, 523 U.S. at 621.

To the extent Defendant claims as cause for his procedural default of this claim that his attorney provided ineffective assistance in failing to raise it in trial proceedings or in an appeal, the Court has determined above that Defendant has not satisfied the prejudice prong of the Strickland standard and, for that reason, counsel did not provide ineffective assistance. Therefore, ineffective assistance of counsel cannot serve as cause to overcome the procedural bar.

Under the fundamental miscarriage of justice exception, a defendant may obtain review of a defaulted claim by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 506 U.S. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Defendant does not allege that he is actually innocent of the crimes to which he pled guilty. As a

11

result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that Defendant's claim which could have been but was not raised on direct appeal shall be denied as procedurally barred. Should the Court determine that Defendant is entitled to a direct appeal out of time based on his ineffective assistance of counsel claim, he may at that time raise his claim that he was denied his guaranteed right to consular access as provided by the Vienna Convention.

### 3.  Violation of United States v. Booker

As his third proposition of error, Defendant claims that his sentence was based on an amount of methamphetamine not charged in the indictment in violation of the holding of United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). This claim could have been raised in a direct appeal. Therefore, unless Defendant is allowed a direct appeal out of time, this claim is procedurally barred as a result of Defendant's failure to file a direct appeal.

To the extent Defendant asserts that his attorney's ineffective assistance serves as cause for the procedural default of this claim, the claim lacks merit. Counsel did not perform deficiently in failing to raise a claim based on Booker. Defendant was sentenced after Booker was decided. Thus, Booker applied at the time of sentencing. However, the record reveals that at sentencing the undersigned expressly stated that "[t]he Court recognizes that the sentencing guidelines are advisory and not mandatory but has considered the sentencing guidelines, along with all the factors set forth in 18 U.S.C. Section 3553(a)." (Dkt. # 44 at 5). Furthermore, two of the sentences received by

Defendant were minimum sentences mandated by statute. Thus, the Court did not violate Booker in sentencing Defendant. To the extent Defendant argues that Booker required a jury, as opposed to a judge, to find the quantity of methamphetamine at issue, that argument is squarely precluded by Booker and Tenth Circuit precedent. See Booker, 543 U.S. at 233 (holding that "the selection of particular sentences in response to differing sets of facts [under the Guidelines] would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); United States v. Hall, 473 F.3d 1295, 1312 (10th Cir. 2007) (rejecting defendant's argument that under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Booker, the relevant quantity of drugs for sentencing is no more than the quantity the jury found beyond a reasonable doubt: "Because the post- Booker Guidelines are discretionary, a district court may continue to find facts, including drug quantity, by a preponderance of the evidence."). Thus, Defendant was not sentenced in violation of Booker and counsel did not perform deficiently in failing to so argue.  Defendant has failed to demonstrate cause for the procedural default of this claim. Also, as stated above, Defendant does not claim to be actually innocent.  Therefore, the fundamental miscarriage of justice exception to the procedural default doctrine does not apply. This claim is procedurally barred and shall be denied. Should the Court determine that Defendant is entitled to a direct appeal out of time based on his claim of ineffective assistance of counsel, he may at that time raise his claim that he was sentenced in violation of Booker.

### 4. Request for an evidentiary hearing

As indicated above, Defendant is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel for failing to file an appeal.  Defendant is not entitled to an evidentiary hearing

on the remainder of his claims because the motion, files, and record of the case conclusively show that he is not entitled to relief on those claims.  See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).

        **ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's "motion to void judgment and commitment order for lack of subject matter jurisdiction" (Dkt. # 35) and "motion for plaintiff to show cause why this Court did not lack subject matter jurisdiction to adjudicate this case and order to comply with doctrine of Noscitur a Sociiis [sic]" (Dkt. # 36) are **denied**.

2. Defendant's claim of ineffective assistance of counsel based on counsel's failure to file an appeal as raised in the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 37) is referred to the Magistrate Judge for an evidentiary hearing.

3. The Office of the Federal Public Defender shall assign an attorney from the CJA panel to represent Defendant at the evidentiary hearing.

DATED THIS 20th day of September, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE